Lauren A. Deeb (SBN 234143)
BAKER & HOSTETLER LLP
600 Anton Boulevard, Suite 900
Costa Mesa, CA 92626-7221
Telephone: 714.754.6600
Facsimile: 714.754.6611
Email: ldeeb@bakerlaw.com

Attorney for Petitioner Alta Holdings, LLC

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ALTA HOLDINGS, LLC., by and through its Tax Matters Partner Bruce J. Molnar,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.: 8:15-cv-2001<br><br>**PETITION FOR REVIEW OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENTS** |

## NATURE OF THE ACTION

1.   This is a petition for readjustment of partnership items brought pursuant to 26 U.S.C. § 6226(a) and 28 U.S.C. § 1346(e) to contest determinations made by the Internal Revenue Service ("IRS") in a Notice of Final Partnership Administrative Adjustment dated September 2, 2015, and issued to Alta Holdings, LLC ("Alta") for its tax year ending December 31, 2011.  A copy of the Final Partnership Administrative Adjustment ("FPAA"), redacted for privacy, is attached as Exhibit A.

## THE PARTIES

2.   Alta is a limited liability company organized under the laws of the State of California and is treated as a partnership for federal income tax

- 1 -

purposes. Alta's principal place of business and mailing address is in this judicial district at 17520 Von Karman Avenue, Irvine, California 92614-6208.

3. Bruce J. Molnar ("Petitioner") is Alta's tax matters partner for the tax year ending December 31, 2011 ("2011 Tax Year"), within the meaning of 26 U.S.C. § 6231(a)(7).

4. The respondent is the United States of America.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 26 U.S.C. § 6226(a) and 28 U.S.C. § 1346(e).

6. Venue is proper in this judicial district pursuant to 26 U.S.C. § 6226(a)(2), because Alta's principal place of business is in this judicial district.

7. On December 1, 2015, Petitioner deposited with the Secretary of the Treasury the amount by which Petitioner's tax liability would be increased if the treatment of partnership items on Petitioner's return were made consistent with the treatment of partnership items on Alta's partnership return, as adjusted by the FPAA. This deposit satisfies the jurisdictional requirement of 26 U.S.C. § 6226(e)(1).

## STATEMENT OF THE CLAIM

8. Petitioner seeks a redetermination of all partnership items adjusted in the FPAA, including the applicability of accuracy-related penalties under 26 U.S.C. § 6662.

9. The IRS audited Alta's Form 1065, U.S. Return of Partnership Income, for the 2011 Tax Year and made adjustments to the partnership items on that return as reflected in the FPAA.

10. The IRS erred in making the following adjustments:

a. The FPAA reclassifies $142,500.00 in payments for consulting expenses to Donald Rousso as guaranteed payments to partners;

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

      b.    The FPAA disallows a deduction of $14,096.00 for office expenses;

      c.    The FPAA disallows a deduction of $113,706.00 for expenses charged to Alta's credit cards;

      d.    The FPAA disallows Alta's deduction for an insurance premium in the amount of $100,000.00; and

      e.    The FPAA increases Petitioner's and Donald Rousso's net earnings from self-employment by $751,590.00.

11. The IRS's determinations as set forth in the FPAA are based upon the following errors:

      a.    The Commissioner's determination that the Company incorrectly classified payments to Donald Rousso as consulting fees instead of as guaranteed payments to partners;

      b.    The Commissioner's determination that the Company's office expenses were not ordinary and necessary business expenses;

      c.    The Commissioner's determination that expenses charged to the Company's credit cards were not ordinary and necessary business expenses;

      d.    The Commissioner's determination that insurance premiums that the Company paid to insurance companies were paid pursuant to a transaction that lacked economic substance;

      e.    The Commissioner's determination that insurance premiums that the Company paid to insurance companies were not paid to purchase insurance within the meaning of federal tax law and were not ordinary and necessary business expenses and are not otherwise deductible;

      f.    The Commissioner's determination that Petitioner and Donald Rousso's distributive shares of the Company's income are subject to self-employment taxes; and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

g. The Commissioner's determination that Petitioner is liable for penalties pursuant to 26 U.S.C. § 6662, including the penalty due to substantial understatement of income tax or the penalty due to negligence or disregard of rules or regulations.

## FACTS

12. Alta was formed on October 19, 2005, as a limited liability company organized under the laws of the State of California.

13. Alta is a professional services firm primarily providing services that include but are not limited to risk management, risk consulting, captive insurance evaluation, captive insurance company formation, captive insurance consulting, and commercial and captive reinsurance transactions. The firm is comprised of highly skilled and experienced professionals from a diverse background including insurance professionals, lawyers, CPA's, and underwriters.

14. Alta's members for the 2011 Tax Year are Petitioner, Donald Rousso, Paul Shanbrom, and Gregory Taylor.

15. After an examination, the IRS issued Alta a FPAA dated September 2, 2015, for the 2011 tax year.

16. The facts upon which Petitioner relies as the basis for this case are as follows:

a. Donald Rousso provided services to Alta and received payments in the amount of $142,500.00 for those services. The characterization of these payments as guaranteed payments to a partner has no effect on the tax on any partner or partnership item.

b. Alta paid $14,096.00 in office expenses that were ordinary and necessary for its operation and management.

c. Alta used its credit cards to pay ordinary and necessary business expenses in the amount of $113,706.00.

      d.    Alta paid ordinary and necessary business expenses in the form of premiums in the amount of $100,000.00 to insurance companies for insurance pursuant to the terms of an insurance contract. The premiums were fairly priced, and the insurance companies achieved both risk shifting and risk distribution and qualified as insurance within the meaning of federal tax law.

      e.    Petitioner and Donald Rousso were limited partners in Alta, and their distributive shares of Alta's income were not income from self-employment.

      f.    Alta consulted with its outside certified public accountants regarding all of the above items and supplied them with all the necessary information to assess the tax issues. Alta's outside certified public accountants advised Alta that all of the above positions were correct.

      g.    Alta relied on and acted in accordance with the advice of its outside certified public accountants.

      h.    Any underpayment of tax resulting from the adjustments set forth in the FPAA is not attributable to negligence or disregard of rules or regulations.

      i.    Alta and its partners had reasonable cause and good faith for any underpayment of tax resulting from the adjustments set forth in the FPAA.

WHEREFORE, Petitioner prays for the following relief:

1.    That this Court determine that there should be no adjustment to partnership items of Alta for the taxable year ending December 31, 2011;

2.    That this Court determine that 26 U.S.C. § 6662 is inapplicable;

3.    That this Court order the United States to return all amounts deposited with or paid to the Secretary of the Treasury in connection with this matter, together with interest as provided by law, and to pay such other amounts as may be due and owing to Petitioner;

1   4.   That this Court award Alta reasonable administrative costs and
2   reasonable litigation costs pursuant to 26 U.S.C. § 7430.
3   5.   That this Court grant such other and further relief as the Court deems
4   just and appropriate.

Dated:  December 1, 2015          Respectfully submitted,

BAKER & HOSTETLER LLP
LAUREN A. DEEB


By:   *s/ Lauren A. Deeb*
      Lauren A. Deeb

Attorney for Petitioner Alta Holdings, LLC

- 6 -
PETITION FOR REVIEW OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENTS